UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. JACKSON,<br><br>    Petitioner,<br><br>v.<br><br>G. MATTESON,<br><br>    Respondent. | Case No. 1:20-cv-00351-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Kenneth A. Jackson, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. This matter is before us for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. *See* R. Governing § 2254 Cases 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). Petitioner makes two claims for relief: (1) that a felony complaint is the improper vehicle for initiating a criminal case in California and (2) that there was insufficient evidence at trial to convict petitioner of arson and conspiracy. ECF No. 1 at 16, 35.

1

**Discussion**

A federal court has an independent duty to examine its jurisdiction. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013). "Under the [Antiterrorism and Effective Death Penalty Act's] second or successive petition provisions, any claim that has been adjudicated in a previous petition must be dismissed." *Hall v. Haws*, 861 F.3d 977, 984 (9th Cir. 2017) (citing 28 U.S.C. § 2244(b)(1)). "Likewise, a claim presented in a second or successive petition that was not presented in a prior application 'shall be dismissed unless' certain criteria are met." *Gonzalez v. Sherman*, 873 F.3d 763, 767 (9th Cir. 2017) (quoting 28 U.S.C. § 2244(b)(2)). New claims in a successive petition must be dismissed unless the petitioner can show that the claims rely on (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) a new fact not previously discoverable through due diligence. *See* 28 U.S.C. § 2244(b)(2)(A)-(B). Even if a petitioner meets one of these requirements, he must also show that "no reasonable factfinder would have found the petitioner guilty of the underlying offense" based on the facts underlying the claim, but for constitutional error. *See id.* The Court of Appeals, not a district court, decides whether a successive petition meets these requirements. Section 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*See also Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). Failure to obtain authorization from the appropriate Court of Appeals is a jurisdictional defect, and the district court presented with an unauthorized successive petition must dismiss it for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

On December 8, 2017, petitioner sought habeas relief in this court from the same conviction at issue in the instant petition. *See* Pet. at 1, *Jackson v. Arnold*, No. 1:17-cv-01670-LJO-JDP (E.D. Cal. Dec. 4, 2019) [hereinafter *Jackson I*].[1] Petitioner argued, *inter alia*, that a

---

[1] Petitioner has also unsuccessfully sought habeas relief in this court on two other occasions. On August 24, 2018, petitioner sought relief from his prison's calculation of his parole credits; the

2

felony complaint is an improper vehicle for initiating a criminal case in California. *Id.* We found the petition meritless and recommended its dismissal. F&R at 1-4, *Jackson I*. The petition was dismissed on December 4, 2019. Order Adopting F&R at 1, *Jackson I*. In the instant petition, he again argues that a felony complaint is the improper vehicle for initiating a criminal case in California and raises a second claim of insufficient evidence. *See* ECF No. 1 at 16, 35.

Petitioner has not presented authorization from the U.S. Court of Appeals for the Ninth Circuit to file a successive petition under 28 U.S.C. § 2244(b)(3)(A); this alone warrants dismissal. Even if petitioner were to seek Ninth Circuit authorization, denial would be almost certain because his first claim, that his felony complaint was improper, has already been denied on the merits in his previous habeas petition and his second claim, insufficient evidence, does not meet the requirements of 28 U.S.C. § 2244(b)(2)(A)-(B). Petitioner has not presented any proof of new evidence in support of his insufficient evidence claim, has not identified any new U.S. Supreme Court case law that supports his position, and has not shown that no reasonable factfinder would have found him guilty, but for the alleged constitutional error. We recommend dismissal for lack of jurisdiction.[2]

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a District Court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d

---

petition was summarily dismissed as non-cognizable. *See Jackson v. Neuschmid*, No. 2:18-cv-02319-JAM-EFB (E.D. Cal. Feb. 6, 2019). On March 18, 2019, petitioner sought relief on the same grounds as those in the instant petition. *See Jackson v. Neuschmid*, No. 1:19-cv-00357-LJO-SAB (E.D. Cal. Oct. 8, 2019). This petition was dismissed on procedural grounds. *Id.*

[2] Additionally, the petition appears untimely. Under AEDPA, petitioners seeking habeas relief under § 2254 must comply with a one-year statute of limitations. For most habeas petitioners, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A). Petitioner's most recent state post-conviction application challenging his underlying conviction was denied review on October 24, 2018. He filed his federal petition on March 6, 2020.

1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**Findings and Recommendations**

We recommend that the petition be dismissed and that the court decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**Order**

The clerk of court is directed to assign this case to a district judge for the purpose of reviewing these findings and recommendations.

4

IT IS SO ORDERED.

Dated: <u>   April 9, 2020   </u>           _____
                                              UNITED STATES MAGISTRATE JUDGE

No. 206.