UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. JACKSON,<br><br>          Petitioner,<br><br>     v.<br><br>G. MATTESON,<br><br>          Respondent. | Case No.   1:20-cv-00351-NONE-JDP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION<br><br>(Doc. No. 8) |

Petitioner Kenneth A. Jackson, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 9, 2020, the assigned magistrate judge issued findings and recommendations recommending the petition be dismissed for lack of jurisdiction because it is a second or successive petition which petitioner has not obtained permission to file from the Court of Appeals as is required by 28 U.S.C. § 2244(b). (Doc. No. 8.) The findings and recommendations were served on petitioner and contained notice that objections were due within thirty (30) days. (*Id.*) On May 13, 2020, petitioner filed objections to the findings and recommendations. (Doc. No. 9.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be

supported by the record and proper analysis. Petitioner's objections, which argue that the constraints applicable to second or successive petitions set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(b), do not apply to his petition because he challenges a judgment that is illegal and therefore invalid and/or void, are without merit.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on April 9, 2020 (Doc. No. 8) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **June 2, 2020**

UNITED STATES DISTRICT JUDGE